## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV17-04966 JAK (PLAx) | Date | July 13, 2017 |
| Title | David Daryl Jones v. City of Pasadena, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

David Daryl Jones ("Plaintiff") alleges that the City of Pasadena and John W. Nam ("Defendants") "did not follow proper procedures," which resulted in the death of his son. Dkt. 1. The pleading that initiated this action refers to proceedings in a Superior Court and Court of Appeal of California in which this claim appears to have been addressed on the merits.

As a court of restricted jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

The party seeking to establish jurisdiction bears the burden of proving the same. *Kokkonen*, 511 U.S. at 377. Here, the Complaint does not do so. Thus, it does not establish a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As noted, it also refers to proceedings in a California Superior Court and Court of Appeal in which the merits of the claims were addressed. In general, there is no federal jurisdiction to review such proceedings. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *D.G. Lt. pp. v. Feldman*, 460 U.S. 462, 482-86 (1983). Accordingly, this Order to Show Cause Re: Jurisdiction is issued, given the absence of an adequate showing of federal question jurisdiction at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-04966 JAK (PLAx) | Date | July 13, 2017 |
| Title | David Daryl Jones v. City of Pasadena, et al. | | |

On or before July 25, 2017, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this Action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is required or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

                                               :

Initials of Preparer    ak